# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Rafael Goodman, : 
                Petitioner : 
                : 
v. : No. 392 M.D. 2025
                : SUBMITTED: June 16, 2026
                : 
Pennsylvania Parole Board, : 
                Respondent : 

BEFORE:    HONORABLE LORI A. DUMAS, Judge
                 HONORABLE STELLA M. TSAI, Judge
                 HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

## OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**                 **FILED: July 24, 2026**

Before the Court, in our original jurisdiction, is the preliminary objection in the nature of a demurrer of the Pennsylvania Parole Board to Rafael Goodman's petition for review. Goodman seeks declaratory relief and a writ of mandamus compelling the Board to vacate one of his conditions of parole. For the following reasons, we sustain the preliminary objection and dismiss the petition for review with prejudice.

In April 2025, the Board issued a decision recommitting Goodman to a state correctional institution as a technical parole violator for violations including failure to follow written instructions and being unsuccessfully discharged from sex offender treatment. Bd.'s Preliminary Objections (POs), Ex. 1 at 1.[1] The Board's

---

[1] Goodman's petition for review is short on substance, spanning just over 2 pages with 11 numbered paragraphs. While his petition not only references but relies upon certain documents, **(Footnote continued on next page…)**

April 2025 decision also stated that Goodman would be automatically reparoled without further action of the Board in July 2025, unless a disqualifying event occurred. *Id.* at 2.

Goodman was paroled on July 30, 2025, at which time he agreed to abide by various conditions of parole, including that he not have contact with anyone under the age of 18 without prior written approval of parole supervision staff. Bd.'s POs, Ex. 2 at 5; *see also* Pet. for Rev. ¶ 3. In September 2025, Goodman submitted an administrative remedies form to the Board purportedly challenging this parole condition on grounds that it is arbitrary and capricious, implicates his liberty interests, and presents a hardship regarding his family relationships and his plans to have a child with his wife.[2] *See* Pet. for Rev. ¶ 4; Bd.'s POs, Ex. 3. The Board subsequently rejected Goodman's administrative request as improperly filed because the Board's regulations do not permit challenges to conditions of parole through the administrative appeals process. The Board also directed Goodman to

_____

including the Board's April 2025 decision, Goodman's signed conditions of probation, the administrative remedies form he submitted in September 2025, and the Board's letter in response thereto, these documents are not appended to the petition. Given this reliance, the Board attached these documents as exhibits to its demurrer. As this Court has repeatedly explained:

> While ordinarily a demurrer must be limited to facts appearing on the face of the challenged pleading, "a limited exception to the rule against speaking demurrers exists for documents filed in support of a demurrer where a p[etitioner] has averred the existence of certain written documents and premised his cause of action upon those documents."

*Richardson v. Wetzel*, 74 A.3d 353, 358 n.4 (Pa. Cmwlth. 2013) [quoting *Barndt v. Dep't of Corr.*, 902 A.2d 589, 591 n.2 (Pa. Cmwlth. 2006)].

[2] We note that while the petition refers to Goodman's wife, his brief in opposition to the Board's preliminary objection refers to his fiancé. *See* Pet. for Rev. ¶ 6; Goodman's Br. at 7.

2

contact his parole agent for additional assistance. Bd.'s POs ¶ 19 & Ex. 4; *see also* Pet. for Rev. ¶ 7.

Goodman then filed his petition for review averring that there is no logical basis for the parole condition, and, in fact, the condition is detrimental to his rehabilitation as well as "his ability to start and raise a family." Pet. for Rev. ¶ 10. Goodman seeks an order from this Court declaring that the parole condition is arbitrary and directing the Board to vacate the condition. Pet. for Rev. at 3-4.

In response, the Board filed preliminary objections asserting both a demurrer and that Goodman failed to serve the petition for review in accordance with Pennsylvania Rule of Appellate Procedure (Pa.R.A.P.) 1514(c).[3] Goodman filed a response in opposition to the Board's demurrer which conceded that proper service had yet to be effectuated. Therefore, we issued an Order sustaining the Board's preliminary objection as to service and directing Goodman to properly serve the petition on or before December 19, 2025, or the matter would be dismissed without further notice. Dec. 5, 2025 Cmwlth. Ct. Order. Goodman complied and the Court subsequently issued a briefing schedule, indicating that the Board's demurrer would be submitted on briefs without oral argument. Jan. 2, 2026 Cmwlth. Ct. Order. The demurrer has now been fully briefed and is ripe for review.

The Board maintains that the relief Goodman truly seeks is in the nature of mandamus rather than declaratory judgment because he requests that we order the Board to vacate the parole condition. Mandamus is not appropriate here because there is another adequate remedy available for Goodman to challenge the parole

---

[3] This rule provides, in pertinent part, that "[a] copy of the petition for review shall be served by the petitioner in person or by certified mail on both the government unit that made the determination sought to be reviewed and the Attorney General of Pennsylvania." Pa.R.A.P. 1514(c).

3

condition and he failed to exhaust that administrative remedy. Specifically, because the condition here is not a mandatory special condition imposed by the Board but rather a matter of field supervision discretion, Goodman must seek relief directly from his supervising parole staff.[4] Goodman has been repeatedly informed of this process, but has yet to exhaust this available remedy. Moreover, the Board argues that the petition does not state a viable mandamus claim since the condition does not involve a ministerial act or a mandatory duty but rather is a matter left to the discretion of the agents supervising Goodman's parole.

Goodman counters that special conditions of parole can, in fact, be challenged in this Court's original jurisdiction to ensure that the Board does not overstep its authority. He points to the language of Section 6132 of the Prisons and Parole Code (Parole Code) for the proposition that special conditions must be based on the risk presented by, and the rehabilitative needs of, a parolee. Goodman's Br. at 10 (citing 61 Pa.C.S. § 6132).[5] Further, imposition of the parole condition here is arbitrary and capricious because Goodman's committing offenses did not involve minors in any way, and the condition will be detrimental to his family relationships and support system. Goodman's arguments miss the mark.

Initially, we note that mandamus is an extraordinary remedy "designed to *compel the performance of a ministerial or mandatory duty* on the part of a governmental body" and "will not lie to compel a discretionary act on the part of the

---

[4] The Board notes that supervising parole staff fall under the purview of the Department of Corrections rather than the Board, and therefore the Board cannot provide the relief Goodman requests. *See* Bd.'s POs ¶ 23; Bd.'s Br. at 9-10. Given our disposition on the demurrer, we will not address this issue.

[5] Goodman appears to rely on Section 6132(a)(3) which provides, in pertinent part, that "[c]onditions of supervision must be based on the risk presented by and the rehabilitative needs of the offender." 61 Pa.C.S. § 6132(a)(3).

governmental body." *Weaver v. Pa. Bd. of Prob. & Parole*, 688 A.2d 766, 776 (Pa. Cmwlth. 1997) (en banc) (emphasis in original). Thus, to obtain relief, a petitioner must prove he "has a clear legal right in the relief requested, [] there is a corresponding duty on the part of the governmental body to grant that relief, and [] there is no other adequate and appropriate remedy at law." *Id.*

Goodman's request for mandamus relief fails for multiple reasons. First, it is well established "that the Board has been granted broad discretion in parole matters by the legislature." *Robinson v. Pa. Parole Bd.*, 306 A.3d 969, 973 (Pa. Cmwlth. 2023) (citations omitted). Moreover, "mandamus will not lie where the substance of the [B]oard's discretionary action is the subject of the challenge." *Id.* [quoting *Coady v. Vaughn*, 770 A.2d 287, 290 (Pa. 2001)]. *See also Weaver*, 688 A.2d at 777 (explaining mandamus is inappropriate to compel the exercise of "discretion in a certain manner or to arrive at a particular result"). With respect to conditions of parole, this Court has explained that because "an offender on parole is serving a sentence of imprisonment outside the prison walls" the Board has "broad discretion to fashion appropriate conditions of parole since those conditions . . . are intended to effect the offender's rehabilitation and reintegration into society as a law-abiding citizen." *Heckman v. Pa. Bd. of Prob. & Parole*, 744 A.2d 371, 372 (Pa. Cmwlth. 2000) [citing *Reider v. Pa. Bd. of Prob. & Parole*, 514 A.2d 967 (Pa. Cmwlth. 1986)]. The parole condition at issue here is a special condition imposed at the discretion of Goodman's supervising parole staff. In addition, Goodman is not alleging that the Board failed to act or that it made a mistake in applying the law, two narrow instances where mandamus may be appropriate in the parole setting. *Toland v. Pa. Bd. of Prob. & Parole*, 263 A.3d 1220, 1233 (Pa. Cmwlth. 2021). Because the petition does not involve a ministerial act or mandatory duty on the part

of the Board, but instead involves a purely discretionary action that has already been taken, Goodman has failed to state a viable claim for mandamus relief. *Id.* at 1232 ("mandamus may not be used to compel a purely discretionary act") (quotation omitted); *Coady*, 770 A.2d at 290 (mandamus "is not used . . . to direct the retraction or reversal of an action already taken").

Next, regardless of whether Goodman's claim sounds in mandamus or declaratory judgment, it lacks merit because he failed to exhaust his available administrative remedy. As stated earlier, mandamus is not appropriate where a petitioner has another adequate and appropriate remedy. *See Robinson*, 306 A.3d at 973; *Weaver*, 688 A.2d at 776. Likewise, "an action seeking declaratory judgment is not an optional substitute for established or available remedies and should not be granted where a more appropriate remedy is available." *Pittsburgh Palisades Park, LLC v. Pa. State Horse Racing Comm'n*, 844 A.2d 62, 67 (Pa. Cmwlth. 2004).

Section 6141 of the Parole Code authorizes the Board to "make general rules for the conduct and supervision of [parolees] and may, in particular cases, as it deems necessary to effectuate the purpose of parole, prescribe special regulations for particular persons." 61 Pa.C.S. § 6141. Pursuant to this authority, the Board's regulation pertaining to general and specific parole conditions states:

> (a) Parolees shall comply with special conditions which are imposed by the Board or which are subsequently imposed by the parole agent.
>
> (b) *If problems arise or questions occur concerning the conditions of parole, the parolee shall consult with the parole agent*, as it is the responsibility of the latter to help the parolee in the interpretation of the conditions of parole. If a parolee is unable to contact his parole agent, he should contact the agent in charge of the district parole office.

37 Pa. Code § 63.5 (emphasis added). The Board's regulation pertaining to special conditions of parole similarly directs that parolees "shall consult with the parole agent" if they have problems or questions regarding their parole conditions. 37 Pa. Code § 67.1. The Board's form containing the conditions governing Goodman's parole—which he signed and agreed to on July 29, 2025—describes this process. Bd.'s POs, Ex. 2 at 3. It goes on to explain the process for filing a written complaint should Goodman believe "any of [his] rights have been violated as a result of [his] supervision[.]" *Id.* at 4.

Goodman's petition for review does not aver that he followed this available administrative procedure; instead, he submitted an administrative remedies form to the Board. Bd.'s POs, Ex. 3. The Board rejected this form as unauthorized, and again informed him to contact his parole agent. Bd.'s POs, Ex. 4. Goodman yet again chose to bypass the available remedy and instead filed the instant petition for review in our original jurisdiction. Because Goodman "failed to avail himself of the above administrative remedies prior to filing the [p]etition[ for review]," we must sustain the Board's preliminary objection and dismiss the petition for review. *Turner v. Commonwealth* (Pa. Cmwlth., No. 183 M.D. 2019, filed Oct. 13, 2020), slip op. at 13.[6]

**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita

---

[6] This unreported opinion is cited for its persuasive value only and not as binding precedent. *See* Pa.R.A.P. 126(b)(1); 210 Pa. Code § 69.414(a). The case is particularly persuasive because it involves a parolee's petition for review in our original jurisdiction seeking declaratory and injunctive relief regarding a condition of his parole. As in the instant matter, the Court in *Turner* sustained the Board's preliminary objection for failure to exhaust the available administrative remedy and dismissed the petition. *Turner*, slip op. at 15.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Rafael Goodman,                 :

           Petitioner    :

                       :

       v.                :    No. 392 M.D. 2025

                       :

Pennsylvania Parole Board,   :

           Respondent  :

# **O R D E R**

AND NOW, this 24th day of July, 2026, the Pennsylvania Parole Board's preliminary objection in the nature of a demurrer is SUSTAINED. Rafael Goodman's petition for review is DISMISSED with prejudice.

**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita